**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 10-21588-CIV-HUCK/O'SULLIVAN**

RANDALL ROGERS, individually and on
behalf of a class of all others similarly
situated,

       Plaintiffs,

v.

OMNI SOLUTION, INC., d/b/a
EISENHAUS and EISENMANN GmbH,

       Defendants.

_____/

**ORDER GRANTING EISENMANN GMBH'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

      Plaintiff Randall Rogers is suing Defendants Omni Solution, Inc. and Eisenmann GmbH on behalf of a class of similarly situated purchasers of an exhaust system sold by Omni Solution. Rogers alleges causes of action for violations of the Florida Deceptive and Unfair Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Trade Practices Act, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, declaratory and injunctive relief, negligent misrepresentation, and negligence and negligent selection. The Court previously found that it properly has jurisdiction over Omni Solution [D.E. #27]. *See Rogers v. Omni Solution, Inc.*, Case. No.: 10-21588-CIV, 2010 U.S. Dist. LEXIS 110790 (S.D. Fla. Oct. 19, 2010). Defendant Eisenmann, a German corporation, now moves to dismiss Rogers' claims against it, arguing that the Court may not properly assert jurisdiction over Eisenmann [D.E. #33]. For the reasons discussed below, the Court grants Eisenmann's Motion.

**I.     RELEVANT FACTS**

      The facts relevant to Eisenmann's Motion to Dismiss are largely the same as those discussed in the Court's prior Order on Omni Solution's Motion to Dismiss [D.E. #27]. *See Rogers*, 2010 U.S.

1

Dist. LEXIS 110790, at *2–5.  As is appropriate at this stage, the facts alleged in Rogers' Complaint and its exhibits are assumed to be true.  The Court also draws upon jurisdictional facts from Rogers' affidavits and other exhibits, and uncontested facts in Eisenmann's affidavits.

Plaintiff Randall Rogers, a Florida citizen, contacted Defendant Eisenmann GmbH, which is located in Germany, to purchase a titanium exhaust system manufactured by Eisenmann in Germany.  Eisenmann advised Rogers that he could purchase the exhaust system through Eisenhaus, which, at the time, was Eisenmann's exclusive United States distributor.  Defendant Omni Solution, which is an Illinois corporation, does business as Eisenhaus.[1]  Omni Solution is not a subsidiary of Eisenmann, nor does Rogers allege that Eisenmann has or had any ownership interest in Omni Solution.  Omni Solution's distributorship agreement with Eisenmann provided that upon receipt of a customer's order for an Eisenmann exhaust, Omni Solution would notify Eisenmann of the order and transmit payment to Eisenmann.  Then, Eisenmann would ship the exhaust system to Omni Solution.  Eisenmann had no interaction with  Omni Solution's customers, nor did it ship goods to or engage in business activities in Florida.  The exhibits that Rogers' supplies indicate that while Omni Solution was the exclusive distributor for Eisenmann, Omni Solution also sold and advertised products manufactured by companies other than Eisenmann.

Rogers contacted Omni Solution in an attempt to purchase a titanium exhaust system.  In November 2004, after negotiating a discounted price, Rogers purchased an exhaust system from Omni Solution for $2580.44.  Rogers' exhaust was shipped by Omni Solution to a local retailer.  The exhaust system that Omni Solution shipped to Rogers cracked and did not perform as advertised. In May 2009, through a posting in an internet message board, Rogers "discovered" that the exhaust system he purchased was not a "true, original" Eisenmann exhaust system.  In fact, Eisenmann published several letters on the Internet explaining that it had ended its distributorship relationship with Omni Solution because it discovered that Omni Solution (doing business as Eisenhaus) had sold exhaust systems that it labeled as Eisenmann exhausts, but which actually were counterfeit exhaust systems manufactured by Omni Solution in Korea.  Rogers alleges that he received one of these counterfeit exhaust systems.  He does not allege that the exhaust system that Omni Solution sold him

_____

[1]      Although the parties use the names Eisenhaus and Omni Solution interchangeably, for the purposes of clarity and simplicity, the Court solely refers to that entity as Omni Solution.

came from Eisenmann.  In July 2009, in response to his email inquiry, Rogers received an email from an Eisenmann representative explaining that Eisenmann was taking legal action against Omni Solution and its president, John Kang, for the fraud that Omni Solution allegedly had perpetrated upon Eisenmann.  Sven Johan, the Eisenmann representative, explained that Eisenmann was not able to provide a refund to Rogers for the exhaust system he had purchased, because Eisenmann had not received any proceeds from the sale of Omni Solution's counterfeit exhaust system.  Rogers does not allege that Eisenmann, at the time of the transaction, was aware that Omni Solution sold a counterfeit exhaust system to him, nor that Eisenmann profited from this transaction.  Rogers also does not allege that he or any Florida consumer has purchased an authentic Eisenmann exhaust from Eisenmann GmbH, the German corporation.

Rogers seeks to represent a class "composed of all persons in the State of Florida and throughout the United States . . . who purchased an exhaust system from [Omni Solution] which was represented to be an original Eisenmann GmbH product, but was not."

## II.   ANALYSIS

### A.   Burdens of Proof

A plaintiff who asks a court to exercise personal jurisdiction over a nonresident defendant has the initial burden of alleging in the complaint facts that are sufficient to support a prima facie case of jurisdiction.  *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  If the defendant challenges jurisdiction by submitting an affidavit in support of its position, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.  *Diamond Crystal Brands, Inc. v. Food Movers International, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999).  Where the complaint and supporting evidence conflict with the facts as alleged in the defendant's affidavits, "the court must construe all reasonable inferences in favor of the plaintiff."  *Diamond Crystal Brands*, 593 F.3d at 1257; *Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. 2005).

### B.   Personal Jurisdiction Analysis

Eisenmann moves to dismiss for lack of personal jurisdiction.  *See* Fed R. Civ. P. 12(b)(2).  A federal court sitting in diversity must undertake a two-step analysis to determine whether personal jurisdiction exists:  (1) the exercise of jurisdiction must be appropriate under the state's long-arm

statute, and (2) the court's exercise of jurisdiction must comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Mazer*, 556 F.3d at 1274. The available jurisdictional facts indicate that the Court may not assert jurisdiction over Eisenmann.

### 1. Florida Long-Arm Statute

#### i. Specific Jurisdiction

Rogers contends that the Court has specific jurisdiction over Eisenmann pursuant to the Florida long-arm statute because the Complaint and supporting affidavits sufficiently allege that Eisenmann committed a tortious act within the state through the actions of its agent, Omni Solution.[2] In essence, Rogers seeks to establish the Court's jurisdiction over Eisenmann by demonstrating that Omni Solution was Eisenmann's agent. The Court previously held that it has jurisdiction over Omni Solution, Eisenmann's purported agent. Thus, based on Rogers' argument, the propriety of the Court's jurisdiction over Eisenmann pursuant to Fla. Stat. § 48.193(1)(b) hinges on whether Omni Solution was Eisenmann's actual or apparent agent. Rogers has not established the existence of either relationship.

To demonstrate an actual agency relationship, a plaintiff must allege (1) that the principal acknowledges that the reputed agent was acting as its agent; (2) that the reputed agent accepts that undertaking; and (3) that the principal exerts control over the agent's day-to-day activities during the course of the agency relationship. *Ocana v. Ford Motor Co.*, 992 So.2d 319, 326 (Fla. 3d Dist. Ct. App. 2008); *see Jones v. City of Hialeah*, 368 So.2d 398, 400 (Fla. 3d Dist. Ct. App. 1979) (noting

---

[2]     Rogers asserts that Eisenmann, as a nonresident defendant acting in Florida through its agent, Omni Solution, is subject to specific jurisdiction under the Florida long-arm statute, which provides:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: . . .
>
> (b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b).

4

that an actual agency relationship is distinguished from an independent contractor relationship by the amount of control and direction by the principal over the conduct of the agent).

Rogers does not allege facts establishing any of these requirements. Initially, Rogers makes the conclusory allegation that Omni Solution was Eisenmann's sales agent, or distributor. From this, Rogers attempts to extrapolate that a distributor relationship is an actual agency relationship. However, Rogers points to no specific factual allegations establishing an agency relationship, other than the exclusive distributorship agreement between Eisenmann and Omni Solution. Thus, Rogers does not meet his initial burden of proof. Furthermore, in affidavits from Eisenmann's founder and owner, Rolf Eisenmann, the company disclaims that it had any measure of control over Omni Solution's business activities. Rogers does not refute these statements. Instead, Rogers asserts that Eisenmann has failed to prove that it did not have an agency relationship with Omni Solution. But, it is Rogers who must meet the burden of proof. As previously discussed, Rogers must initially plead facts establishing personal jurisdiction, and then present evidence countering Eisenmann's affidavit evidence. He does neither.[3]

Instead, Rogers attempts to demonstrate that Eisenmann is subject to the Court's specific jurisdiction by analogizing to *Kemin Foods, L.C. v. OmniActive Health Technologies, Inc.*, 654 F. Supp. 2d 1328 (M.D. Fla. 2009). That case is inapposite. In *Kemin*, the court referred to the defendants, OmniActive USA and OmniActive India, as "two sides to the same coin," because OmniActive India was a foreign parent corporation that owned 100% of the stock in OmniActive USA. *Id.* at 1331. Additionally, OmniActive USA had only one employee, was funded solely by

---

[3]     In his response to Eisenmann's Motion to Dismiss, while asserting in a conclusory fashion that Omni Solution had a close relationship with Eisenmann, Rogers also notes "[c]ritically, the Eisenmann [Declaration] does not address whether the products [sic] Rogers received was in fact a genuine Eisenmann GmbH product, a nonconforming Eisenmann GmbH product, a mismarked/falsely advertised Eisenmann GmbH product, or a counterfeit product sold or distributed by its exclusive distributor." Rogers does not explain why it is incumbent upon Eisenmann to address this topic. It would not make sense for Eisenmann to do so, given that Rogers' own Complaint appears to answer that question when he alleges that "he was ultimately provided a fake, counterfeit product that cracks and otherwise does not perform as advertised and is not from Germany or even made by Eisenmann GmbH." (Pl.'s Compl. ¶ 19.) Paragraph 19 of Rogers' Complaint forecloses any possibility that Eisenmann manufactured the faulty exhaust system that Rogers purchased from Omni Solution.

OmniActive India, and shared a single website with its corporate parent. *Id.* at 1331–32.  Other than sharing an exclusive distributorship relationship, Eisenmann's relationship with Omni Solution is wholly dissimilar to the one between OmniActive India and OmniActive USA.  Eisenmann does not own any part of Omni Solution, nor does it assert control over its American distributor.  They are, in all practical respects, separate companies that merely have a contractual relationship, not an actual agency relationship. For these reasons, the Court finds that Rogers does not allege facts sufficient to establish an actual agency relationship between Eisenmann and Omni Solution.

To successfully allege an apparent agency relationship, a plaintiff must demonstrate facts showing "(1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation." *Ocana*, 992 So.2d at 326.  Apparent authority arises only when the principal creates the appearance of an agency relationship;  "'[a]pparent authority' does not arise from the subjective understanding of the person dealing with the purported agent, nor from appearances created by the purported agent himself." *Id.* (quoting *Izquierdo v. Hialeah Hospital*, 709 So.2d 187, 188 (Fla. 3d Dist. Ct. App. 1998)).

Here, there is no evidence that Eisenmann made any representation to Rogers regarding an agency relationship between Eisenmann and Omni Solution, other than informing him that Omni Solution was Eisenmann's exclusive distributor in the United States.  Rogers does not allege that any Eisenmann representative indicated in any other way that Omni Solution was Eisenmann's agent. Rogers points to Omni Solution's use of Eisenmann's logo and trademark; however, as noted above, apparent authority cannot arise from actions of the purported agent, Omni Solution; only from actions by Eisenmann, the principal.  *See Ocana*, 992 So.2d at 326.  In this sense, based on the limited facts that Rogers alleges regarding the business relationship between Eisenmann and Omni Solution, it appears that Omni Solution is no more of an agent for Eisenmann than a supermarket is the agent for the companies that make the products it sells.  A supermarket may advertise the products it sells, even by placing links on its website to some of the brands that it sells, but this does not convert the supermarket into an agent for those brands.  Similarly, the links on Omni Solution's website to Eisenmann's website, and Omni Solution's use of Eisenmann's name and logo, are acts by Omni Solution, not representations by Eisenmann.  Therefore, these acts are not sufficient to create an apparent agency relationship.

Rogers' argument for the Court's assertion of specific jurisdiction over Eisenmann is based entirely the purported agency relationship between Eisenmann and Omni Solution. The facts presented to the Court establish neither an actual or an apparent agency relationship.[4] As such, the Court finds that Rogers has not demonstrated that the Court's exercise of specific jurisdiction over Eisenmann would be appropriate pursuant to Florida's long-arm statute.

        *ii.*     *General Jurisdiction*

Rogers also argues that Eisenmann is subject to general jurisdiction pursuant to Florida's long-arm statute, based on Omni Solution's systematic contacts with Florida. However, the Florida long-arm statute does not provide for general jurisdiction on the basis of an agent's actions. The Florida long-arm statute states that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Rogers' allegations regarding Eisenmann's direct interactions with Florida are limited to Eisenmann directing Rogers to Omni Solution—an Illinois company—to purchase an Eisenmann exhaust system, and Eisenmann maintaining a passive website through which it advertises its products. Rogers cites no cases indicating that either allegation is a "substantial and not isolated activity" within Florida that is sufficient to establish the Court's general jurisdiction over Eisenmann, or, even, that the Court may assert general jurisdiction over a defendant based on the sales of its purported agent. It is clear that Rogers cannot sustain his burden of proving that general jurisdiction exists. Furthermore, to the extent that the Florida long-arm statute permits the exercise of general jurisdiction over a principal for the acts of its agent, the Court finds that no agency relationship exists here, as previously discussed.

_____

[4]      Although the substance of Rogers' claims is not before the Court, the Court cannot help but observe the obvious: Rogers bases the majority his claims against Eisenmann on a product that is not Eisenmann's; namely, the counterfeit exhaust system produced by Omni Solution. At this stage, the Court fails to see how Eisenmann could be liable for the results of a counterfeiting operation about which they had no knowledge, and of which Eisenmann itself appears to have been a victim. Even if the Court were to find that Omni Solution was Eisenmann's agent, their agency relationship would not include Omni Solution's production and sale of a counterfeit exhaust system. That fraudulent conduct clearly would be outside the scope of the alleged agency relationship.

Rogers also assumes that Eisenmann benefitted from Omni Solution's sales in Florida, without citing facts supporting this notion. Rogers does not counter Eisenmann's assertion that Eisenmann only benefitted economically from sales to the United States when Omni Solution ordered a genuine Eisenmann exhaust system from Eisenmann. However, Rogers alleges that Omni Solution sold him a counterfeit exhaust system; therefore, Eisenmann did not fill that order. Rogers has not alleged that any Eisenmann exhausts—rather than Omni Solution counterfeits—actually were sold to Florida residents, including himself. Thus, the only direct allegation of contact between Eisenmann and Florida is Eisenmann's referral of Rogers to Omni Solution following Rogers' inquiry about purchasing an Eisenmann exhaust system. As discussed above, this contact does not establish Eisenmann's "substantial and not isolated activity within this state." Thus, Rogers has not met his burden of proving the Court's general jurisdiction over Eisenmann.

### 2.    *Federal Due Process Considerations*

The Court's exercise of personal jurisdiction over Omni Solution also would not satisfy the second part of the personal jurisdiction inquiry—the requirements of the Due Process Clause of the Fourteenth Amendment. A court's exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment if the "non-resident defendant has established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To satisfy due process requirements in a case involving specific jurisdiction, the defendant's contacts with the forum state (1) "must be related to plaintiff's cause of action or have given rise to it"; (2) "must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum"; and (3) "must be such that the defendant should reasonably anticipate being haled into court there." *Sloss Industries v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (internal quotations omitted); *see Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1251–52 (11th Cir. 2000). In contrast, "general jurisdiction—jurisdiction not related to and not arising out of a defendant's contacts with the forum—can only be exercised

if the defendant has 'continuous and systematic' contacts with the forum." *Sloss Industries*, 488 F.3d at 925 n.3 (quoting *Helicopteros*, 466 U.S. at 415–16).[5]

The Court finds that the facts alleged by Rogers do not establish that Eisenmann has contacts with Florida sufficient to satisfy due process requirements. Much like his claim that the Court has jurisdiction over Eisenmann pursuant to the Florida long-arm statute, Rogers' argument that the Court's assertion of jurisdiction over Eisenmann would comport with due process requirements fails because it is dependent on an agency relationship between Eisenmann and Omni Solution. Rogers assumes Omni Solution is Eisenmann's agent and cites cases indicating that a court's assertion of jurisdiction over a principal satisfies constitutional requirements when the court properly could exercise jurisdiction over the agent. Essentially, Rogers contends the Court should assert jurisdiction over Eisenmann for the same reasons that the Court asserted jurisdiction over Omni Solution. Rogers has not demonstrated that due process is satisfied, because, as previously detailed, he has not demonstrated that Eisenmann had an agency relationship with Omni Solution. Rogers does not argue that Eisenmann, absent Omni Solution, has sufficient minimum contacts such that the Court's exercise of jurisdiction over Eisenmann would comport with due process. Nor can the Court find any such minimum contacts described in Rogers' Complaint, exhibits, or affidavits. Therefore, Rogers has not met his burden of demonstrating that the Court's exercise of jurisdiction over Eisenmann would comport with due process requirements.

## III.   CONCLUSION

For the foregoing reasons, the Court cannot assert jurisdiction over Defendant Eisenmann GmbH. Therefore, Eisenmann's Motion to Dismiss for Lack of Personal Jurisdiction [D.E. #33] is GRANTED.

---

[5]   Because Florida's general jurisdiction long-arm statute is coextensive with the Fourteenth Amendment's due process requirements, Rogers fails to prove due process is satisfied for the same reasons he fails to establish general jurisdiction—Eisenmann's lack of contacts with Florida. *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) ("The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment.") (citing *Woods v. Nova Cos. Belize*, 739 So. 2d 617, 620 (Fla. Dist. Ct. App. 1999)).

DONE AND ORDERED in Chambers, Miami, Florida, on March 9, 2011.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

10